Leigh T. Goddard (NV Bar 6315)
Daniel I. Aquino (NV Bar No. 12682)
MCDONALD CARANO LLP
100 W. Liberty St. Tenth Floor
Reno, NV  89501
Telephone:  775-788-2000
lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com
*Attorneys for Plaintiffs KPG Investments, Inc.
And Kendalle Getty*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARLENA SONN,<br><br>    Plaintiff,<br><br>vs.<br><br>KENDALLE P. GETTY, as Trustee of the Pleiades Trust and as an individual, KPG INVESTMENTS INC., as Trustee of the Pleiades Trust, ALEXANDRA SARAH GETTY, as Trustee of the Pleiades Trust and as an individual, ASG INVESTMENTS INC., as Trustee of the Pleiades Trust, MINERVA OFFICE MANAGEMENT, INC., and ROBERT L. LEBERMAN,<br><br>    Defendants. | Case No.: 2:22-cv-01137-APG-BNW<br><br>**JOINT STIPULATION AND PROPOSED ORDER TO CONSOLIDATE CASES, PARTICIPATE IN VOLUNTARY SETTLEMENT CONFERENCE, AND STAY ACTION PENDING SETTLEMENT CONFERENCE** |

KPG Investments, Inc., Kendalle Getty, Marlena Sonn, Alexandra Sarah Getty, ASG Investments Inc., Minerva Office Management, Inc., and Robert L. Leberman, by and through their respective counsel of record, hereby stipulate and agree as follows:

1.  The current case is closely related to the subject matter of a separate and previously filed action in the U.S. District Court for the District of Nevada, *KPG Investments, Inc., et al v. Marlena Sonn, et al*, No. 3:22-cv-00236-ART-CLB ("*KPG v. Sonn, et al*").

1

2. Counsel for all parties to both *KPG v. Sonn, et al* and the current case agreed to seek the consolidation of both actions in order to avoid parallel litigation and preserve judicial resources.

3. The current action was transferred from the United States District Court for the Eastern District of New York to the United States District Court for the District of Nevada on July 18, 2022.

4. Counsel for all parties in this case and *KPG v. Sonn, et al* (hereinafter, the "Actions") have concluded that it is in the best interest of the respective parties that the Actions be consolidated and proceed as contemplated herein.

5. All served parties, through their respective counsel, have stipulated to the terms provided herein.

6. The existence of common questions of law and fact between the Actions, the interests of fair and efficient administration of the Actions, and the avoidance of unnecessary duplicative efforts each warrants the consolidation of the Actions into a single case (the "Consolidated Action").

7. While no responsive pleadings have been filed, all parties to the Consolidated Action are familiar with the claims raised and underlying facts. As a result, the parties believe that they have a sufficient understanding of the relevant facts and legal issues to fairly evaluate their respective positions, and they believe that this matter could settle with the assistance of the Court.

8. Pursuant to Local Rule 16-5, the undersigned parties hereby stipulate and agree to participation in a settlement conference. Because Magistrate Judge Baldwin is assigned to *KPG v. Sonn, et al*, the parties stipulate and respectfully request the Court enter an Order assigning this case to another Magistrate Judge to conduct a settlement conference with the parties, on the next available date for a Magistrate Judge that also works for the schedules of the parties and their counsel.

9. The parties believe setting the settlement conference to occur in person will maximize the possibility of success, and accordingly request such a setting, unless rendered impossible due to health and safety restrictions related to COVID-19.

10. Pursuant to Local Rule 42-1, the undersigned parties hereby stipulate and request that the Consolidated Action be stayed pending the resolution of any scheduled settlement conference. Good cause exists to stay all activity in this case. The parties have been diligent in filing their respective claims, discussing the most efficient avenue to resolve their claims, and cooperating with each other to transfer and consolidate the related actions.

11. The parties recognize that any motion practice on the pleadings or discovery is likely to incur significant resources for all parties involved. Staying the Consolidated Action at this early stage will maximize the possibility of success at any scheduled settlement conference.

12. In the event the scheduled settlement conference does not result in resolution of the Consolidated Case, it is stipulated and agreed that each parties' responsive pleading shall be due 21 days after the conclusion of the settlement conference.

Dated: July 20, 2022

| | |
|---|---|
| McDONALD CARANO LLP | ROGER WENTHE, PLLC |
| */s/ Leigh T. Goddard* | */s/ Roger W. Wenthe* |
| Leigh T. Goddard (NV Bar 6315) | Roger W. Wenthe (NV Bar 8920) |
| Daniel I. Aquino (NV Bar No. 12682) | 2831 St. Rose Pkwy. # 200 |
| 100 W. Liberty St., Tenth Floor | Henderson, NV 89052 |
| Reno, Nevada 89501 | (702) 971-0541 |
| (775) 788-2000 | Roger.Wenthe@gmail.com |
| lgoddard@mcdonaldcarano.com | *Attorney for Defendant* |
| daquino@mcdonaldcarano.com | |
| *Attorneys for Plaintiffs* | |

| THE GUNDERSON LAW FIRM | LEMONS, GRUNDY & EISENBERG |
|---|---|
| */s/ Mark H. Gunderson* | */s/ Alice Campos Mercado* |
| Mark H. Gunderson (NV Bar 2134) | Alice Campos Mercado (NV Bar 4555) |
| 3895 Warren Way | 6005 Plumas St., 3rd Floor |
| Reno, NV 89509 | Reno, NV 89519 |
| (775) 829-1222 | (775) 786-6868 |
| mgunderson@gundersonlaw.com | acm@lge.net |
| *Attorney for Minerva Office Management, Inc. and Robert L. Leberman* | *Attorney for Alexandra Sarah Getty and ASG Investments Inc.* |

**IT IS ORDERED** that *KPG Investments, Inc. and Kendalle Getty v. Marlena Sonn*, Case No. 3:22-cv-00236-ART-CLB (filed in Washoe County District Court on March 17, 2022 and removed to the United States District Court for the District of Nevada on May 26, 2022), and *Marlena Sonn v. Kendalle P. Getty, et al*, Case No. 2:22-cv-1137 (filed in the United States District Court for the Eastern District of New York on May 11, 2022 and transferred to the United States District Court for the District of Nevada on July 18, 2022), involve common questions of law and fact, and pursuant to FRCP 42(a) and Local Rule 42-1(a), are hereby consolidated into *KPG Investments, Inc., et al, v. Marlena Sonn*, Case No. 3:22-cv-00236-ART-CLB, and are referred to herein as the Consolidated Action.

**IT IS FURTHER ORDERED** that all parties to the Consolidated Action will participate in a settlement conference pursuant to Local Rule 16-5. Counsel will be contacted by the Court to schedule the settlement conference for the Consolidated Action.

**IT IS FURTHER ORDERED** that the Consolidated Action is stayed in its entirety pending the conclusion of the settlement conference.

//
//
//
//
//

1  **IT IS FURTHER ORDERED** that if the settlement conference does not resolve the Consolidated Case, each parties' responsive pleading shall be due 21 days after the conclusion of the settlement conference.

**IT IS SO ORDERED:**

DATED:_____, 2022

_____
UNITED STATES DISTRICT JUDGE /
UNITED STATES MAGISTRATE JUDGE

4890-0019-5370, v. 2

5